IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins Division

TIFFANY SELDERS,

    Plaintiff,

v.

MEGACORP LOGISTICS, LLC,

    Defendant.

Civil Action No. 2:14-cv-60 (Bailey)
**JURY TRIAL DEMANDED**

Electronically Filed:
August 9, 2014

## COMPLAINT

### I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332. This Court has pendent jurisdiction over all State law claims herein asserted pursuant to *United Mine Workers v. Gibbs*, 388 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

2. Venue lies in the Northern District of West Virginia because Defendant's wrongful acts occurred in Randolph County, West Virginia.

### II. GENERAL RECITALS

3. Plaintiff, Tiffany Selders, is now and at all times relevant hereto, was, a citizen and resident of the State of West Virginia, residing in Randolph County.

4. Defendant MegaCorp Logistics, LLC, ("MegaCorp") is now, and at all times relevant hereto was, a Delaware corporation with a principal place of business in Wilmington, NC.

5. MegaCorp has approximately one-hundred employees and is a transportation company which offers outbound/inbound scheduling, 24/7 dispatching, carrier management, in transit monetary transactions, tracking, in route exception administration and claims resolution.

6. In 2009, Plaintiff began employment with MegaCorp, in the Elkins, West Virginia office.

7. Plaintiff was hired as an account executive with a salary of $52,000 per year and a draw against any commission of 35% of the revenue.

8. Plaintiff eventually was promoted to an assistant manager position, but received no additional compensation.

9. Plaintiff was physically assaulted by a worker at her workplace on or about August 9, 2012 wherein the worker shoved his hand down Plaintiff's shirt.

10. Plaintiff immediately informed her supervisor of the assault.

11. MegaCorp failed to take any measure, or any reasonable measure, to stop any future assault.

12. Plaintiff was physically assaulted again at her workplace on or about October 16, 2012 by the same worker wherein the worker shoved his hands down Plaintiff's pants and grabbed her buttocks and shoved her against a counter.

13. Plaintiff immediately reported the assault to her supervisor.

14. MegaCorp failed to take any measure, or any reasonable measure, to stop any future assault.

15. Plaintiff was physically assaulted at her workplace on or about October 31, 2012 by the same worker wherein the worker came up behind Plaintiff, shoved her into a counter, and lifted her skirt up above her waist.

16. Plaintiff immediately reported the assault to her supervisor.

17. MegaCorp failed to take any measure, or any reasonable measure, to stop any future assault.

18. Plaintiff was physically assaulted at her workplace on or about November 5, 2013 by the same worker wherein the worker intentionally knocked Plaintiff down several stairs.

19. Plaintiff immediately reported the assault to her supervisor.

20. MegaCorp failed to take any measure, or any reasonable measure, to stop any future assault.

21. In April 2013, the perpetrator of the numerous assaults brought a handgun to work and laid it on his desk.

22. Plaintiff immediately reported the handgun to her supervisor.

23. MegaCorp failed to take any measure, or any reasonable measure, to stop any future incidents with a handgun or other weapon.

24. Plaintiff was physically assaulted at her workplace on or about March 11, 2014 by the same worker wherein the worker shoved his hand down Plaintiff's shirt and grabbed her chest.

25. Plaintiff immediately reported the assault to her supervisor.

26. MegaCorp failed to take any measure, or any reasonable measure, to stop any future assault.

27. Plaintiff was physically assaulted at her workplace on or about July 2, 2014 by the same worker wherein the worker shoved his hands down Plaintiff's pants.

28. Plaintiff immediately reported the assault to her supervisor.

29. MegaCorp failed to take any measure, or any reasonable measure, to stop any future assault.

30. Due to MegaCorp's failure to provide a reasonably safe work environment, Plaintiff resigned her employment with MegaCorp on or about August 1, 2014.

31. As of the date of this filing, MegaCorp has failed to provide Plaintiff with full and timely payment of her salary and her draw of the profits, which sum is believed to be greater than $75,000.00.

### COUNT ONE
### STATE LAW CLAIM OF VIOLATION OF WEST VIRGINIA CODE §21-5-1 *et seq.* WAGE PAYMENT AND COLLECTION ACT

32. Plaintiff repleads in *haec verba* the allegations contained within §§1-31 as if the same were set forth fully herein.

33. MegaCorp failed to timely pay Plaintiff for all of the wages to which she is entitled.

34. Such conduct by MegaCorp violates the "West Virginia Wage Payment and Collection Act" under W.Va. Code §21-5-1 *et seq.*

35. As a direct and proximate result of MegaCorp's conduct, Plaintiff has been damaged.

### COUNT TWO
### STATE LAW CLAIM OF BREACH OF EMPLOYMENT CONTRACT

36. Plaintiff repleads in *haec verba* the allegations contained within §§1-35 as if the same were set forth fully herein.

37. An employment contract existed between Plaintiff and MegaCorp.

38. MegaCorp breached the employment contract with Plaintiff by failing to provide timely and full payments of Plaintiff's draw of the profits at 35%.

39. Because MegaCorp failed to provide timely and full payments of Plaintiff's draw of the profits at 35%, MegaCorp materially breached the employment contract.

40. As a direct and proximate result of the breach, Plaintiff sustained damages in excess of $75,000.

### COUNT THREE
### STATE LAW CLAIM OF NEGLIGENT RETENTION AND HIRING

41. Plaintiff repleads in *haec verba* the allegations contained within §§1-40 as if the same were set forth fully herein.

42. MegaCorp, in hiring or in later retaining a perpetrator of physical assaults as an employee when it knew, or in the exercise of due and reasonable diligence and care should have known, of the perpetrator's proclivity for violence and predisposition toward violent acts, proximately caused Plaintiff to suffer and sustain damages, including extreme fear, torment and suffering of her body and mind, embarrassment, humiliation, aggravation and

inconvenience, and other losses and damages, including, but not limited to, pecuniary losses in the form of past and future medical treatment and counsel fees.

## COUNT FOUR
## STATE LAW CLAIM OF NEGLIGENT TRAINING AND SUPERVISION

43. Plaintiff repleads in *haec verba* the allegations contained within §§1-42 as if the same were set forth fully herein.

44. MegaCorp negligently failed to provide adequate training to, and engage in meaningful supervision of, the perpetrator of the assaults, commensurate with the training and supervision accorded by law.

45. As a direct and proximate result of the failure of the MegaCorp to provide such supervision and training as aforesaid, Plaintiff sustained losses and damages, including extreme fear, torment and suffering of her body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages, including, but not limited to, pecuniary losses and damages in the form of past and future medical expenses and counsel fees.

## COUNT FIVE
## STATE LAW CLAIM OF VIOLATION OF WEST VIRGINIA CODE §21-3-1 *et seq.*: FAILURE TO FURNISH A REASONABLY SAFE PLACE OF EMPLOYMENT

46. Plaintiff repleads in *haec verba* the allegations contained within §§1-45 as if the same were set forth fully herein.

47. MegaCorp failed to furnish a reasonably safe place of employment, pursuant to W.Va. Code §21-3-1 *et seq*.

48. MegaCorp's actions violate a statute, and pursuant to W. Va. Code, §55-7-9, a cause of action arises.

5

49. MegaCorp permitted the assaults against Plaintiff to continue when it knew or should have known of the assaults, and failed to take any measure, or any reasonable measure, to stop any future assault from occurring.

50. As a direct and proximate result of the failure of the MegaCorp to furnish a reasonably safe place of employment, as aforesaid, Plaintiff sustained losses and damages, including extreme fear, torment and suffering of her body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages, including, but not limited to, pecuniary losses and damages in the form of past and future medical expenses and counsel fees.

### III. CONCLUSION

WHEREFORE, your Plaintiff Tiffany Selders, prays for judgment against Defendant, for her special and general injuries, losses and damages as aforesaid, exemplary damages, attorney fees, the costs of this action and for such other legal and equitable relief to which she may be entitled.

**Plaintiff demands a trial by jury.**

> Plaintiff Tiffany Selders,
> by counsel,
>
> /s/ Paul J. Harris
> Paul J. Harris
> WV Bar # 4673
> Fifteenth & Eoff Streets
> Wheeling, WV 26003
> 304.232.5300
>
> /s/ J. Laura Wakim Chapman
> J. Laura Wakim Chapman
> W. Va. Bar #11375
> Fifteenth & Eoff Streets
> Wheeling, WV 26003
> 304.232.5300